**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

SHEREETA MANTON,

      Plaintiff,

                                **Case No. 1:26-cv-38**

      v.

ODELL SCALES, SR.,               **JUDGE DOUGLAS R. COLE**
                                 **Magistrate Judge Litkovitz**

      Defendant.

## ORDER

In her January 16, 2026, Report and Recommendation (R&R, Doc. 4, #24) Magistrate Judge Litkovitz, after screening the Complaint under 28 U.S.C. § 1915(e)(2)(B), recommends the Court dismiss Plaintiff Shereeta Manton's Complaint for lack of subject-matter jurisdiction. For the reasons discussed briefly below, and especially in light of Manton's failure to object, the Court agrees with and **ADOPTS** the recommendation (Doc. 4) and **DISMISSES** Manton's Complaint **WITHOUT PREJUDICE**.

## BACKGROUND

Manton alleges the following: "4 years ago my husband took my money. He took my ID and Social Security card. Scholarship money. I found out he have reward hotel [sic] points." (Compl., Doc. 3, #19).

Because Manton sought to proceed in forma pauperis, the matter was referred under this Court's Cincinnati General Order 22-02 to a Magistrate Judge for initial handling. On January 15, 2026, Magistrate Judge Litkovitz granted Manton's request to proceed in forma pauperis. (Doc. 2). The next day, invoking the Court's

screening authority under 28 U.S.C. § 1915(e), the Magistrate Judge issued her R&R recommending the dismissal of Manton's Complaint for lack of subject-matter jurisdiction. (Doc. 4, #24). The Magistrate Judge found that "[t]he complaint's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction." (*Id.* at #23). Specifically, the Magistrate Judge found that Manton alleged no "actionable claim for relief" for federal question jurisdiction under 28 U.S.C. § 1331, nor did she allege diversity of citizenship for jurisdiction under 28 U.S.C. § 1332(a). (*Id.* at #23–24).

Because the R&R recommends dismissal on subject-matter jurisdiction grounds, it further recommends dismissal without prejudice to allow Manton to file her claims in state court if she wishes. (*Id.* at #24). Finally, under 28 U.S.C. § 1915(a), Magistrate Judge Litkovitz found that an appeal of any Order adopting the R&R would not be taken in good faith and therefore recommends denying Manton leave to appeal in forma pauperis. (*Id.*).

The R&R also advised Manton that she had 14 days to serve and file specific written objections, noting that failing to make such objections may forfeit rights on appeal. (*Id.* at #16 (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting the "fail[ure] to file an[y] objection[s] to the magistrate judge's R&R … [constitutes a] forfeiture" of such objections); 28 U.S.C. § 636(b)(1)(C). Accordingly, Manton needed to object by January 30, 2026. She did not do so.

### LEGAL STANDARD AND ANALYSIS

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection.*" Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that de novo review requirement extends only to "any portion to which a proper objection was made." *Id.* (citation omitted). For unobjected portions of an R&R, by contrast, the plaintiff has forfeited their right to such review. *Berkshire*, 928 F.3d at 530. Still, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court [] must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

Here, Manton has not objected to the R&R.[1] And, having reviewed the R&R, the Court finds no clear error. The Court agrees that Manton failed to establish subject-matter jurisdiction. As the Magistrate Judge noted, Manton's allegations raise no cognizable claim under federal statute or the Constitution, meaning 28 U.S.C. § 1331 provides no basis for jurisdiction. (Doc. 4, #24). Further, the Complaint states that both parties are residents of Ohio, meaning diversity jurisdiction under 28 U.S.C. § 1332(a) is lacking, as well. (*Id.* at #23). That compels dismissal of her

---

[1] Manton has not been entirely silent. She filed a handwritten sheet with the Court on March 6, 2026, again describing Defendant's alleged theft. (Doc. 6). But that does not make an objection. The filing was over a month past the deadline to object, does not reference the R&R, and does not address the dispositive issue—subject-matter jurisdiction. (*Id.* at #28).

Complaint. In order to allow Manton to refile her claims in state court if she so chooses, the Court dismisses without prejudice.

## CONCLUSION

The Court finds no clear error and adopts the R&R in its entirety. Accordingly, the Court **DISMISSES** Manton's Complaint **WITHOUT PREJUDICE**. The Court **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that an appeal of this Opinion and Order would not be made in good faith, and **DENIES** Manton leave to appeal in forma pauperis. The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

      **SO ORDERED.**

April 10, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**